AKTIENGESELLSCHAFT FÜR FEINME-CHANIK, vormals JETTER & SCHEERER, v. KNY–SCHEERER CORPORATION.

Patent Appeal No. 3219.

Court of Customs and Patent Appeals. Feb. 26, 1934.

Thomas L. Mead, Jr., and Elmer Stewart, both of Washington, D. C., for appellant.

Clarence G. Campbell, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents which affirmed a decision of the Examiner of Interferences, dismissing the notice of opposition of appellant and adjudging that appellee was entitled to the registration of the mark described in its application.

The mark applied for by appellee comprises the pictorial representation of a staff and a crown above it, with a serpent coiled in the form of the letter "S" about the staff, the mark being used upon surgical and medical instruments.

Appellee claims ownership of the mark used upon said class of goods, and its application sets up original registration of said mark by one of its predecessors on April 15, 1890, being No. 17,761, and alleges that said mark has been continuously used by appellee and its predecessors since December 1, 1889; appellee in said application also sets forth that it is the "owner of registration No. 61,-298, the Kny-Scheerer Company, Registered March 12, 1907."

Appellant's notice of opposition reads as follows:

"In the matter of an application for the registration of the trademark for diverse surgical, chirurgical and medical instruments, Serial No. 315,461 filed June 5, 1931 by the Kny-Scheerer Corporation, of New York, N. Y., which was published on page 41, volume

409, No. 1, of the Official Gazette of August 4, 1931, the Aktiengesellschaft für Feinmechanik vormals Jetter & Scheerer, a German Corporation, residing and having its principal place of business in Tuttlingen, South Germany, in the German Republic, believes it would be damaged by such registration and it hereby gives notice of its intention to oppose the registration of said trademark.

"The grounds of opposition are as follows:

"1. That the predecessor of the opposer was the firm of Jetter & Scheerer of Tuttlingen in the Kingdom of Württemberg (now South Germany), and Empire of Germany and caused its trademark to be duly registered in the United States Patent Office as No. 17,761, on April 15, 1890, by virtue of the use of said mark since the first day of December, 1889;

"2. And that thereafter on or about 1895 the opposer, the Aktiengesellschaft für Feinmechanik vormals Jetter & Scheerer, succeeded the firm of Jetter & Scheerer and became the owner of all rights to use the said registered trademark in business, and on the 12th day of December, 1903 the said trademark was duly assigned to opposer and said assignment was duly recorded in the United States Patent Office on the 4th day of January, 1904;

"3. That from a date prior to 1895, opposer's predecessor, the firm of Jetter & Scheerer, manufactured and sold certain surgical, chirurgical and medical instruments under their trademark as represented by the United States registration No. 17,761, both in Germany, and in export trade to other countries and in particular to the United States of America;

"4. That since the establishment of the opposer's company, Aktiengesellschaft für Feinmechanik vormals Jetter & Scheerer, instruments of this same description have been by the opposer continuously manufactured under this trademark and sold both in Germany and by export to foreign countries including the United States of America;

"5. That for the purpose of importing into the United States these goods under this and other trademarks the Kny-Scheerer Company, of New York, N. Y., was established and was made the exclusive agent of opposer's predecessor and later of the opposer company for the importation, sale and distribution of said goods within the United States;

"6. That thereafter, to facilitate The Kny-Scheerer Company in its business solely as agent for opposer, and for the agreed-upon use of the mark exclusively on merchandise obtained from opposer only and for such period as said agency should exist, but not for any period subsequent to the expiration of such agency, an assignment was executed purporting to convey from the opposer company to the Kny-Scheerer Company the bare legal whole right, title and interest in and to the said trademark registered No. 17,761 of April 15, 1890, without however conveying the good-will and business in which this mark was then used by opposer;

"7. That in furtherance of opposer's business and the existing agency of The Kny-Scheerer Company a variation of registered trademark No. 17,761 was registered March 12, 1907, No. 61,298 and a further variation was registered September 24, 1908 No. 65,359 both to the Kny-Scheerer Company as agent for opposer and thereafter both registrations were duly renewed by the successor of The Kny-Scheerer Company still as agent of opposer's company;

"8. That opposer is the owner of the similar trademark registered July 8, 1930, No. 272,668 for related articles of manufacture and sale;

"9. That the trademarks registered No. 17,761; No. 65,359 and No. 272,668 have been used exclusively on goods manufactured by opposer and imported, sold and distributed within the United States of America by opposer's agents;

"10. That the articles upon which the said trade-marks are applied are hand instruments affording very little space for marking or display of the trade-marks and therefore the marks when placed on the instruments are necessarily greatly reduced in size to the extent that slight variations in marks are not readily discernible to the ordinary observer thus materially increasing the probability of confusion as to trade-marks;

"11. That opposer has prepared and distributed at frequent intervals catalogues of these goods as manufactured under the said trade-marks and that from the time of the establishment of the original firm of Jetter & Scheerer the marks have been recognized as representing goods manufactured by them and by opposer as their successor and that the marks have established throughout the world a reputation for the goods of high quality manufactured by opposer;

"12. That the Kny-Scheerer Company of New York has been succeeded in business by

the applicant, Kny-Scheerer Corporation of New York, and that the latter and its predecessor in title have up until approximately February 1, 1931, enjoyed the exclusive agency for the United States of America for the goods manufactured by opposer;

"13. That since the date last stated the agency of the applicant has been terminated and that the exclusive agency for the goods manufactured by opposer has been otherwise established;

"14. That the trade-mark sought to be registered by applicant under application, Serial No. 315,461 is applied to identical goods manufactured by the opposer;

"15. That the trade-mark sought to be registered under the said application above identified is substantially identical and similar to those used on goods of opposer's manufacture and is certain to be confusing to the trade, and misleading to the public and will work a hardship, injustice and damage to the opposer;

"16. Two specimens of the mark as used by the opposer are attached hereto, together with the required fee for opposition;

"17. Wherefore opposer prays that the application Serial No. 315,461 of Kny-Scheerer Corporation for registration of the trade-mark published August 4, 1931, be denied."

Thereafter appellee entered a motion to dismiss said opposition, which motion reads as follows:

"Now comes Kny-Scheerer Corporation, the applicant in the above entitled case, through its counsel, and moves that the opposition herein be dismissed, and that the proceedings be suspended pending the determination of this motion.

"This motion is based upon the following grounds:

"(1) Opposer herein in his grounds of opposition alleges that the title of the three controlling United States trade marks Nos. 17,761 of April 15, 1890, 61,298 of March 12, 1907 and 65,359 of September 24, 1908 are in applicant. Said allegations are found in paragraph 6 of the opposition as to trade mark No. 17,761 and in paragraph 7 as to trade marks Nos. 61,298 and 65,359.

"(2) Opposer alleges that trade mark No. 272,668 of July 8, 1930, which is the trade mark declared on and relied upon as the basis for this opposition, is similar to the three said controlling trade marks Nos. 17,761, 61,298, and 65,359 and is for related articles of manufacture. This allegation is found in paragraph 8 of the opposition.

"(3) Opponent therefore declares upon this opposition in total disregard of and in defiance of the title records of the Patent Office by which records the Examiner of Interferences of Trade marks is absolutely bound.

"(4) On the allegations of opponent referred to above and set forth in paragraphs 6, 7 and 8 of the opposition herein, opponent has failed to set forth a cause of action as opponent has admitted that the title of the three said controlling trade marks Nos. 17,-761, 61,298 and 65,359 are in applicant and that opponent's registration No. 272,668 is similar to said three trade marks and for similar goods.

"(5) Any question of agency or other question attempted to be raised by opponent in connection with the title of said three controlling trade marks Nos. 17,761, 61,298 and 65,359 is an attack on the title of said three trade marks Nos. 17,761, 61,298 and 65,359 and cannot be raised in this opposition proceeding.

"(6) Opponent by alleging the title of the three original and dominating trade marks Nos. 17,761, 61,298 and 65,359 in applicant has thereby admitted applicant's exclusive right to the trade mark of the application herein and the opposition should for this additional reason be dismissed and the application allowed."

Trade-mark registrations Nos. 17,761, 61,-298 and 65,359, as granted by the Patent Office, appear in the record. Registration No. 61,298 has the notation "Renewed to the Kny-Scheerer Corporation of America, a corporation of New York," and registration No. 65,359 bears the notation "Renewed The Kny-Scheerer Corporation of America, a Corporation of New York, assignee by mesne assignments." Trade-mark registration No. 272,668, which appellant alleges it owns, does not appear in the record.

The Examiner of Interferences granted the motion to dismiss upon the ground that appellant in its notice of opposition admitted that the record title to the trade-mark involved was in appellee, and that therefore the Patent Office tribunals were without jurisdiction to pass upon the issues raised in said notice, but that such jurisdiction was vested exclusively in the federal courts under the provisions of section 17 of the Trade-Mark Act of February 20, 1905 (15 USCA § 97).

Said section 17 reads as follows: "Sec. 17. That the district and Territorial courts of the United States and the Supreme Court of the District of Columbia shall have original jurisdiction, and the circuit courts of appeal of the United States and the Court of Appeals of the District of Columbia shall have appellate jurisdiction of all suits at law or in equity respecting trade-marks registered in accordance with the provisions of this subdivision of this chapter, arising under the present act, without regard to the amount in controversy."

The Examiner of Interferences accordingly dismissed the notice of opposition and adjudged that appellee was entitled to registration of the mark applied for. Upon appeal by appellant to the Commissioner of Patents, as hereinbefore noted, the said decision of the Examiner of Interferences was affirmed.

In his decision the Commissioner stated:

" * * * The opposer claims ownership of the same mark used upon the same class of goods and sets up its ownership of trade-mark registration No. 272,668 issued July 8, 1930, for a quite similar mark used upon pocket-knives, knives, forks, and spoons of base metals for the table, kitchen knives, hunting knives, leather-cutting knives, razors, scissors, shears, metallic knife sharpeners, pinchers, tweezers, wrenches, monkey wrenches, screw drivers, cigar cutters, corkscrews, metallic coasters, and axes.

"The motion to dismiss was granted substantially upon the ground that the matters presented by the opposition for adjudication were without the jurisdiction of the Patent Office and constituted matters more properly reviewable and determinable by a court of equity."

As hereinbefore stated, said registration No. 272,668 does not appear in the record, and the only information before us as to the goods covered by such registration is the foregoing quoted statement of the Commissioner.

The Commissioner further recited certain facts, preceded by the following: "The record as presented in the opposition *and the briefs* discloses. * * * " (Italics ours.)

The Commissioner concludes such recital with the following statement:

"The applicant sets up, and the opposer does not deny, that the three trade-marks and all rights thereunder and business connected therewith were duly seized by the Alien Property Custodian under the Trading with the Enemy Act approved October 6, 1917 [see 50 USCA Appendix § 1, et seq.] and that subsequently title to these marks and the business connected with them was again obtained by the applicant here.

"Upon the foregoing state of facts, which are virtually agreed upon by both parties, it is deemed to be clear enough this Office is without jurisdiction to determine whether the opposer has any rights in these trade-marks as registered and renewed. The record title is now in the applicant company. Whether the opposer has any equity in the ownership of or equitable title to these marks could not be established by the instant procedure, but presumably only by a proceeding in equity. It would in consequence not be of utility for the opposer to take testimony to establish the allegations set forth in its opposition. It would appear further to be necessary for the opposer to establish title in this registered mark or marks in order to establish legal damage by the registration now applied for by the applicant. It is held this office is without jurisdiction to determine the issue raised by the notice of opposition."

We can find nowhere in the record any statement by the applicant respecting seizure by the Alien Property Custodian of the marks referred to, or their disposition by him. Appellant's counsel in his brief states that the transfer of said marks by the Alien Property Custodian was made "subject to such rights, if any, as Kny-Scheerer Corporation held." If this be a fact, it may or may not be material to the issues raised by the opposition, but obviously, upon the record before us, we may not consider any matters with relation to the connection of the Alien Property Custodian.

The motion to dismiss was based upon the theory that the notice of opposition failed to state any grounds upon which appellee's application should be denied, and the decision of the Commissioner of Patents should have been based wholly upon the allegations of the notice of opposition, as was the decision of the Examiner of Interferences.

Following the language of the Commissioner last above quoted, he further stated: "The decision of the examiner of interferences dismissing the opposition and adjudging the applicant entitled to the registration for which it has applied is affirmed."

The Examiner of Interferences makes no reference to registration No. 272,668, which appellant, in its notice of opposition,

alleges is owned by it, and which, it states, was issued July 8, 1930, and the only reference thereto by the Commissioner in his decision is the statement that appellant sets up in its notice of opposition ownership of said mark, and the Commissioner, as hereinbefore quoted, stated in detail the character of goods for which such registration was issued.

It would seem from such recital that the goods covered by said registration No. 272,-668 may be of the same descriptive properties as the goods set forth in appellee's application, and, if they are, it would seem that such registration would bar appellee's application unless said registration No. 272,-668 has been canceled in a proper proceeding or has been abandoned. At any rate, appellant in its notice of opposition alleges ownership of said registration, and further alleges that said mark is for "related articles of manufacture and sale." Appellee's motion to dismiss the notice of opposition states that said mark No. 272,668 is the mark "declared on and relied upon as the basis for this opposition." We think the notice of opposition supports this statement.

It is well established that in an opposition proceeding the court will not consider the validity of opposer's prior registration pleaded in its notice of opposition. Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A. 842; Celanese Corporation of America v. Vanity Fair Silk Mills, 47 F.(2d) 373, 18 C. C. P. A. 958; Revere Sugar Refinery v. Joseph G. Salvato, 48 F.(2d) 400, 18 C. C. P. A. 1121.

Appellant's reasons of appeal are sufficiently specific to enable us to consider the question of error upon the part of the Commissioner in not holding that the motion to dismiss the notice of opposition should be denied in view of the allegation therein that appellant is the owner of said registration No. 272,668.

It is clear from all the foregoing that appellee's motion to dismiss should have been denied.

In view of the state of the record, we do not feel called upon at this time to consider the proceedings had by the Alien Property Custodian, whatever they may have been, or whether appellant has any rights in the registrations issued or assigned to appellee which should bar appellee's application.

For the reasons hereinbefore stated, the decision of the Commissioner of Patents is reversed, and the proceeding is remanded for further action consistent with the views herein expressed.

Reversed and remanded.